IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCES PICKNEY, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4552 |
| GREAT HOME CARE, INC., GREAT HOME HEALTH SERVICES, INC., NAY-VEL SKILL DEVELOPMENT CENTER, INC., RODOLFO D. VELASCO, and NATIVIDAD VELASCO<br>    Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Great Home Care, Inc., Great Home Health Services, Inc, Nay-Vel Skill Development Center, Inc. (the "Companies"), Rodolfo D. Velasco, and Natividad Velasco ("Velascos") (collectively, "Defendants"), have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Frances Pickney ("Pickney" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay, and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and Her Co-Workers' Claims

1. Defendant Rodolfo Velasco, along with his wife Natividad Velasco, own and

operate Great Home Care, Inc. ("Great Home"), Great Home Health Services, Inc. ("Great Health"), and Nay-Vel Skill Development Center, Inc. ("Nay-Vel"). These Companies provide services for individuals that have physical, mental, and developmental disabilities.

2. Great Home and Great Health are companies that own residential care facilities while Nay-Vel owns a skills workshop ("the Workshop") at which residents of Great Home and Great Health learn and develop new skills.

3. Ms. Pickney has worked for the Defendants as a healthcare provider since 2001. Pickney's duties include, but are not limited to, bathing, clothing, and feeding residents, and accompanying residents to the various locations, including doctors' appointments.

4. During the time she has worked for the Defendants, Plaintiff has regularly worked in excess of 40 hours per week.

5. The Defendants own two residential centers and the Workshop. These locations are contained in separate buildings within a short distance of each other. A part of Plaintiff's job duties is to accompany patients to these various locations and to the Workshop, and thereafter stay with them while the patient participates in activities at the various locations.

6. Plaintiff signed in and out using separate logbooks at the two residential centers and at the Workshop. Ms. Pickney's time was recorded, and she was subsequently paid based on these logbooks. As a result, Ms. Pickney was paid using separate checks and pay stubs for each of the Companies. Plaintiff has three sets of W-2s and three sets of pay records, one each for Great Home, Great Health, and Nay-Vel. In addition, Plaintiff was not paid for any of the time she spent accompanying patients between the Defendants' locations.

7. During the time she worked for the Defendants, Pickney regularly worked more than 40 hours per week, and was not paid an overtime premium for the hours she worked over 40

in any work week. Instead, she was paid her regular hourly rate for hours over 40 ("straight time"). Defendants knew that Pickney was working over 40 hours per week, and tried to obfuscate that fact by paying her through three different companies.

8. Plaintiff worked with a number of other individuals who were paid on an hourly basis. These individuals were also healthcare providers who at times worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendant also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

### Allegations Regarding FLSA Coverage

9. The Companies are all a part of a joint enterprise. The business of the Companies are related to each other, performed under a unified operation and under the common control of the Velascos, and are performed for a common business purpose.

10. Furthermore, Rodolfo Velasco and Natividad Velasco are the President and Vice-President of all three of the Companies. The Velascos were officers and directors of all of three Companies. The Velascos set the amount and method of Plaintiff's compensation, and had control over her day-to-day duties and schedule.

11. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

12. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for

commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

13. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

14. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made, or manufactured outside the state of Texas.

### Plaintiff's Claims

15. Defendants were legally required to pay Ms. Pickney and her similarly situated healthcare co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

16. Pickney worked over 40 hours in many workweeks that she worked for Defendants.

17. Members of the Class worked over 40 hours in many workweeks that they worked for Defendants.

18. Defendants did not pay Ms. Pickney time-and-a-half for any of the overtime hours that she worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other healthcare businesses that pay their employees all wages required by law.

19. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Members of the Class. No exemption excuses Defendants from paying Plaintiff and Members of

the Class for all time spent and work performed during the hours they worked.  Such practice was, and continues to be, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

20. Defendants violated the FLSA by failing to pay Pickney overtime pay for hours worked over 40 per workweek.

21. Pickney has suffered damages as a direct result of Defendants' illegal actions.

22. Defendants are liable to Pickney for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

23. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying hourly healthcare workers on a "straight time" basis.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

24 . The class of similarly situated Plaintiffs is properly defined as:

> **All healthcare workers who are/were employed by and paid on an hourly basis by Defendants Great Home Care, Inc., Great Home Health Services, Inc., Nay-Vel Skill Development Center, Inc., Rodolfo Velasco, and Natividad Velasco, during the three-year period preceding the filing of this Complaint.**

### Defendants, Jurisdiction, and Venue

25. Defendant Great Home Care, Inc. is a Texas Corporation and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, Rodolfo Velasco, at

12810 West Branch Court, Houston, TX 77072, or wherever he may be found.

26. Defendant Great Home Health Services, Inc. is a Texas Corporation and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, Rodolfo Velasco, at 12810 West Branch Court, Houston, TX 77072, or wherever he may be found.

27. Defendant Nay-Vel Skills Development Center, Inc. is a Texas Corporation and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, Rodolfo Velasco, at 12810 West Branch Court, Houston, TX 77072, or wherever he may be found.

28. Defendant Rodolfo Velasco is an individual and an "employer" as defined by the FLSA. Defendant Velasco may be served at 12810 West Branch Court, Houston, TX 77072, or wherever he may be found.

29. Defendant Natividad Velasco is an individual and an "employer" as defined by the FLSA. Defendant Velasco may be served at 12810 West Branch Court, Houston, TX 77072, or wherever she may be found.

30. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

31. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action

6

demand:

1. Issuance of notice as soon as possible to all healthcare workers who are/were employed by and paid on an hourly basis by Defendants Great Home Care, Inc., Great Home Health Services, Inc., Nay-Vel Skill Development Center, Inc., Rodolfo D. Velasco, and Natividad Velasco, and during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF FRANCES PICKNEY**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**

2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
FRANCES PICKNEY**